# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. COPHER, CYNTHIA COPHER, JAMES RICHARD, ROSAMMA RICHARD, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-13-353-M<br>) |
| BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court are plaintiffs' Brief for Resolution of Joint Status Report [docket no. 49], filed August 16, 2013, defendants' Brief in Support of Bifurcated Discovery [docket no. 48], filed August 16, 2013, and defendants' Brief Regarding Protective Order [docket no. 47], filed August 16, 2013. Plaintiffs filed their response on August 21, 2013, and defendants filed their responses on August 21, 2013. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiffs have brought a class action suit against defendant BAC Home Loans Servicing, LP and its successor Bank of America, N.A. (collectively, the "defendants") on behalf of similarly situated borrowers who have or had mortgages serviced by defendants asserting breach of contract, unjust enrichment, and conversion claims. Specifically, plaintiffs allege that defendants hold their residential mortgages on their homes, which include a provision requiring plaintiffs to obtain property insurance for the mortgaged properties. Further, the mortgage requires that any insurance policy obtained should provide for allowing any insurance reimbursements for losses to be made

payable jointly to both defendants and plaintiffs, to be applied to restore the property or, if repair is not economically possible, applied to the outstanding mortgage in a prescribed manner. Plaintiffs allege that their home was damaged, their insurance made payment, and that defendants simply deposited these payments instead of applying them to restore the damaged property or towards the balance of the outstanding mortgage as required. Plaintiffs further allege that defendants have acted in a similar manner towards other homeowners as well.

During the status conference in this case, the parties disagreed as to whether to bifurcate the discovery phase of this case and certain portion of the proposed protective order. The Court ordered the parties to brief these issues. The Court now addresses each issue in turn.

II.   Discussion

    A.   Bifurcation

Federal Rule of Civil Procedure 23(c)(1) provides in relevant part, "[a]t an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1) (emphasis added). In addition, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Although the Federal Rules of Civil Procedure do not provide for a stay of merits discovery pending class certification, courts have broad discretion to enter such stays pursuant to Fed. R. Civ. P. 26(c)." 1 McLaughlin on Class Actions § 3:10 (10th ed.).

As noted in the Manual for Complex Litigation ("MCL"), "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations." Manual for Complex Litigation, § 21.14, at 256.

> Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims

> or defenses and tests whether they are likely to succeed. There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.
>
> Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified. On the other hand, in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden.

*Id.* Defendants move the Court to bifurcate the discovery phase – conduct discovery on the issue of class certification ("class discovery") and delay discovery on the merits ("merit discovery") until the Court rules on plaintiffs' anticipated motion to certify. In contrast, plaintiffs assert that such bifurcated process is costly, time consuming, and unnecessary.

Having carefully reviewed the parties' submissions, the Court finds that bifurcated discovery is not appropriate in this case. Specifically, the Court finds that even if the scope of the class was to eventually be limited to those who have or had mortgage with defendants, received insurance payment, and were in default on their loans at the time of payment or if class certification is denied, as defendants seem to propose, this case would likely still go on because plaintiffs allege[1] that the policies did not allow for an exception for situations where the owner is in default on the loan. Further, the Court finds this type of class/merit discovery distinction under these circumstances will lead to the presentation of duplicative witnesses and evidence. Lastly, although there is no way for the Court to know with certainty, the Court, from its review of the record, anticipates that much of the discovery could be intertwined, making it difficult to ascertain between what is designated as class discovery and merit discovery – potentially leading to constant disputes between the parties necessitating the Court's ongoing supervision during the discovery process. The Court finds that the better approach is for the parties to confer in good faith and develop a

---

[1] The Court takes no position on the merits of plaintiffs' allegations.

targeted discovery plan that prioritizes what the parties anticipate to be class discovery and allows the parties to resolve the class certification issue while at the same time conducting merit discovery to move this case forward. The Court finds that this approach would conserve the parties' and the Court's resources by allowing the parties to move through the discovery phase in an efficient and timely manner.

Accordingly, the Court denies defendant's request to bifurcate the discovery phase and orders the parties to submit a proposed scheduling order, including deadlines for filing a motion for class certification.

B.     Protective Order

The parties disagree over a portion of the parties' proposed protective order. Specifically, the parties dispute which version of the proposed paragraph 11, addressing limitations on the type of nonpublic personal information to be provided during discovery, should be included in the protective order. Plaintiffs, among other assertions, contend that defendants' proposed paragraph 11 improperly shifts the burden to plaintiff's by establishing "a redact first, respond to a motion to compel later" approach. Plaintiffs further assert that defendants have not contended that plaintiffs are unable to protect confidential and personal information, and that the protective order is a court order sufficient to comply with laws that only permit disclosure pursuant to a court order. Lastly, plaintiffs assert that their proposed paragraph has a catch all provision that allows any producing party to seek additional orders from this Court if such producing party believes it may be necessary to comply with any Nonparty Borrower Information Law. Defendants, among other assertions, respond that plaintiffs' proposed paragraph 11 establishes that any objections on this topic by defendants are presumptively improper and that it improperly seeks to relieve defendants of their duty to comply with state and federal laws that limit the type of nonpublic personal information that financial institutions are permitted to disclose to nonaffiliated third parties.

Having carefully reviewed the parties' submissions, the Court finds that paragraph 11 of plaintiffs' proposed protective order is broad enough to sufficiently address defendants' concern regarding defendants' ability to comply with implicated federal and state law requirements. Further, plaintiffs, in their brief, have expressed a willingness to discuss alternative language that would further protect the privacy of the homeowners. Accordingly, the Court finds that paragraph 11 of plaintiffs' proposed order should be incorporated into the protective order. However, to the extent the parties agree to modify the paragraph further, the Court orders the parties to file a motion for protective order with an agreed upon final proposed protective order.

IV. Conclusion

Accordingly, the Court:

1) DENIES defendants' request to bifurcate the discovery process. Instead, the Court ORDERS the parties to confer in good faith and submit a proposed scheduling order as set forth above;

2) FINDS paragraph 11 of plaintiffs' proposed protective order, instead of defendants' proposed paragraph 11, should be incorporated into the protective order. However, to the extent the parties agree to modify paragraph 11 further, the Court ORDERS the parties to file a motion for protective with an agreed upon final proposed protective order; and

3) ORDERS the parties to file their proposed scheduling order and the motion for protective order on or before May 12, 2014.

**IT IS SO ORDERED THIS 18th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE