IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. COPHER, ) <br> CYNTHIA COPHER, ) <br> JAMES RICHARD, ) <br> ROSAMMA RICHARD, ) <br> on behalf of themselves and all others similarly ) <br> situated, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., and BAC HOME ) <br> LOANS SERVICING, L.P. ) <br> ) <br>         Defendant. ) | Case No. CIV-13-353-M |

### ORDER

Before the Court is Plaintiffs' Combined Unopposed Motion and Brief in Support of Preliminary Approval of Class Action Settlement, filed January 14, 2016.

Having read the Class Settlement Agreement and Release dated January 13, 2016 (with exhibits), and the motion, memoranda, and the Court file, this Court finds that the proposed settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed settlement to determine if the Settlement Agreement[1] and the Settlement are fair, reasonable and adequate and if a Final Settlement Approval Order and Final Judgment, as well as an order approving Plaintiffs' Motions for Attorney's Fees, Plaintiffs' Motion for Incentive Award and such other matters as may come before the Court in connection with the Settlement Agreement should be approved;

**IT IS THEREFORE ORDERED THAT:**

---

[1] Defined terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Settlement Agreement.

1. The Settlement Agreement and the settlement described therein are preliminarily approved as fair, reasonable and adequate.

2. The Court approves, as to form and content, the Short Form Notice, the Detailed Long Form Notice (collectively, the "Class Notice"), attached hereto as Exhibits A-1 and A-2, and the Claim Form attached hereto as Exhibit A-3.  The Class Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) of the as the "best notice that is practicable under the circumstances," as well as the requirements of due process.

3. As soon as practicable, but no later than five (5) business days following the signing of this Preliminary Approval Order, Defendants will provide to the Claims Administrator, in an electronically searchable and readable format, a Notice Database which includes the names, social security numbers, and last known mailing addresses for all known Settlement Class Members, to the extent such information is reasonably available to Defendants. Thereafter, within twenty-one (21) days of entry of this Order, the Claims Administrator shall mail by first class mail the Short Form Notice and Claim Form to each Settlement Class Member for whom it has a postal mailing address.  Additionally, the Claims Administrator shall check each such address against the United States Post Office National Change of Address Database before the initial mailing.  The Claims Administrator may also conduct a reasonable search to locate an updated address for any Settlement Class Member whose Settlement Notice is returned as undeliverable.  Thereafter, the Claims Administrator shall update its address listings based upon any forwarding information received from the United States Post Office and any requests received from Class Members. The Claims Administrator shall then promptly re-mail the Short Form Notice and Claim Form by first class mail to any such persons.

4. Prior to the Short Form Notice and the Claim Form being mailed, the Claims Administrator shall also create and maintain a settlement website on the Internet for this Action, with such website containing the operative complaint for this Action, the Settlement Agreement, the Short Form Notice, the Detailed Long Form Notice, the Claim Form, and IRS Form W-9, along with any other information the parties deem proper. Defendants are directed to file with the Court, and serve upon plaintiffs' Counsel, prior to the Final Hearing, defined, *infra*, a declaration containing a sworn verification of such mailings. Such website shall remain "active" so long as is necessary to accomplish the objectives of the Settlement.

5. The mailing of the Class Notices as directed in this Order constitutes the best notice practicable under the circumstances and such is hereby deemed sufficient notice to all members of the Settlement Class.

6. The costs and expenses of printing and mailing the Class Notice shall be paid by Defendants consistent with the terms of the Class Settlement Agreement.

7. The Court will hold a fairness hearing on June 2, 2016 at 10:30 am, as further set forth in the Class Notice, to determine: (i) whether the terms of the Settlement, as set forth in the Settlement Agreement, are fair, reasonable, and adequate; (ii) whether the Short Form and the Detailed Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process; (iii) whether this Action should be dismissed with prejudice; and (iv) whether all Released Claims should be fully and finally released. The Court will also consider at the Final Hearing whether Plaintiffs' motion for attorneys' fees and expenses (the "Fee and Expense Applications" and each a "Fee and Expense Application") and motion for an incentive award to the Named Plaintiffs should be granted and, if so, in what amounts (the "Incentive Application"). After the Final Hearing, the Court may enter a Final Settlement

Approval Order and Final Judgment in accordance with the Settlement Agreement, which Final Settlement Approval Order and Final Judgment will adjudicate the rights of all class members.

8. Any member of the Settlement Class who has not timely elected to be excluded from the Settlement Class, and who objects to approval of the proposed Settlement, including any application for attorney's fees and expenses and incentive awards to the Named Plaintiffs, may appear at the Final Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable and adequate.

9. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court at the Final Hearing but only if filed with the Clerk of Court no later than eighty-four (84) calendar days prior to the Final Hearing. Any papers or briefs filed in support of any said objections must specifically state the factual basis and legal grounds of the objection and must contain proof of service of said objections upon the Clerk of Court and counsel for each Party as follows:

Clerk of the Court
US District Court
Western District of Oklahoma
200 N. 4th Street
Oklahoma City, OK 73102

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112

WOLF POPPER LLP
ROBERT C. FINKEL
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Counsel for Plaintiffs

REED SMITH LLP
DAVID S. REIDY
ASHLEY L. SHIVELY
101 Second Street
Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Counsel for Defendants

10. Not later than seven (7) calendar days prior to the Final Hearing, plaintiffs shall serve and file their reply papers to such objections, if any.

11. Plaintiffs' Counsel shall file and serve their motion for Final Approval of the Settlement and Fee and Expense Applications and the Incentive Application no later than seventy (70) calendar days following entry of this Preliminary Approval Order.

12. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Settlement Agreement.

13. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order.

14. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties, the Released Parties, or of the validity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

**IT IS SO ORDERED this 9th day of February, 2016**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE