# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. COPHER, CYNTHIA COPHER, JAMES RICHARD, ROSAMMA RICHARD, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>　　　　　　　　　　Defendants. | Case No. CIV-13-353-M |

## FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion and Brief in Support of Final Approval of Proposed Settlement, Attorneys' Fees and Expenses, and Incentive Awards, filed April 12, 2016. A hearing was held before the Court on June 2, 2016 (the "Final Hearing"), pursuant to this Court's February 18, 2015 Order (the "Preliminary Approval Order"), concerning the Settlement[1] set forth and described in the Settlement Agreement dated January 13, 2016, respecting the above-captioned action. Among those matters undertaken at the Final Hearing included (a) whether a Settlement Class as defined in the Settlement Agreement should be certified; (b) whether the Settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate; (c) whether applications for awards of attorney's fees and disbursement of expenses to plaintiffs' counsel (the "Fee and Expense Applications") should be approved; (d) whether an application for an incentive award for the Named Plaintiffs (the "Incentive Application") should be approved; and (e) such other matters brought to the Court's attention by the parties. It appears

---

[1] Defined terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Settlement Agreement.

to the Court that due notice was given to potential claimants in this action in accordance with the Preliminary Approval Order.

The respective parties appeared at the Final Hearing by and through their respective counsel of record. Such attorneys were heard and no person or entity objected in opposition to (i) the certification of the Settlement Class; (ii) the Settlement or to the terms of the Settlement Agreement; (iii) the Fee and Expense Applications; and/or (iv) the Incentive Application. Upon consideration of the foregoing matters, the Court GRANTS Plaintiffs' Motion and Brief in Support of Final Approval of Proposed Settlement, Attorneys' Fees and Expenses, and Incentive Awards [docket no. 102] and ORDERS as follows:

1. Pursuant and subject to the provisions and conditions of the Settlement, this action is properly maintained as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3). The Settlement Class is defined as the named account holders for the loan accounts listed in Exhibit D of the Settlement Agreement. Exhibit D consists of all borrowers (i) whose loans were serviced by defendants Bank of America, N.A. and BAC Home Loans Servicing, L.P. (collectively "BANA"), (ii) who were in foreclosure at the time BANA received property claim insurance funds ("claim proceeds"), and (iii) whose claim proceeds (in whole or in part) were being held by BANA as of the date of the filing of the Named Plaintiffs' class action Complaint on April 11, 2013. The Settlement Class includes the Named Plaintiffs in this action. Excluded from the Settlement Class are current and former employees of BANA, as well as all persons who timely requested exclusion from the Settlement Class pursuant to Section 3.9 of the Settlement Agreement. Plaintiffs' lead counsel Wolf Popper LLP and Federman & Sherwood LLP are hereby appointed co-lead counsel for the Settlement Class.

2. Those Settlement Class members who timely and validly opted out of the Settlement Class are identified on Exhibit 1 to this Final Judgment.

3. The Settlement as set forth in the Settlement Agreement and described in the Short-Form Notice and the Detailed Notice (collectively, the "Class Notice") was the product of serious, informed, and arms-length, good faith negotiations and the Settlement is free of any obvious deficiencies, fraud, or collusion. Moreover, the Settlement did not improperly grant preferential treatment to any class representatives, Class Counsel, or any segment of Settlement Class Members. Additionally, this action was not without significant risks to each side, and this action involved complex substantive and procedural issues which could have otherwise required years of litigation to resolve. The Settlement, which provides significant and meaningful benefits to the Settlement Class Members, is thus in the best interests of the Settlement Class Members. The Court is also fully satisfied that the Settlement, in all respects, meets the requirements of Federal Rule of Civil Procedure 23(b)(3) and due process.

4. The Court approves and adjudges the terms and conditions of the Settlement and the terms of the Settlement Agreement, to be fair, reasonable, and adequate. Based upon the foregoing, the Court finds and concludes the Settlement, including the claims process contemplated by it, is fair, reasonable, and adequate and the Court thus approves the Settlement in all respects. Accordingly, the Settlement, along with the provisions of this Final Order, are binding on all Settlement Class Members.

5. The submissions of the parties show, and the Court finds, that Class Notice was sent to the Settlement Class Members in accordance with the Preliminary Approval Order and the Settlement Agreement; and none of the Settlement Class Members have objected to any aspect of the Settlement or fee request.

6. The Claims Administrator is hereby ordered to promptly process and pay claims of Settlement Class Members in accordance with the Settlement Agreement. All claim determinations made by the Claims Administrator are final and binding on Settlement Class Members but, within 30 days of notice of any given claims determination, the validity and amount of any claims determination may be submitted by a Settlement Class Member to this Court for review as to whether such determination was made in good faith and in accordance with the Settlement Agreement. This Court's decision reviewing any such determination shall be binding and final and not subject to any further review or appeal.

7. The Incentive Award Application is granted and each Named Plaintiff is hereby awarded an incentive award of $2,500.00 each.

8. The Claims Administrator is granted recovery of its fees and expenses in the amount of $57,000.00.

9. The Fee and Expense Applications are granted and Plaintiffs' Counsel are awarded the sum of $1,875,000.00 for legal fees and $57,711.00 for expenses or total compensation of $1,932,711.00.

10. Such amounts as set forth in Paragraphs 7-9 herein shall be paid pursuant to the terms of the Settlement Agreement.

11. Without affecting the finality of this final judgment in any way, the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

12. The above-captioned action is dismissed with prejudice.

13. This Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay in the entry of a final judgment notwithstanding any other matters now

pending, and the Clerk of Court is hereby directed to enter judgment in this action. Such judgment shall be a final judgment for purposes of appeal.

**IT IS SO ORDERED this 2nd day of June 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**Settlement Class Members Who Filed Timely and
Valid Requests for Exclusion from the Settlement Class**

Michael J. Garvey

Frank Redd

Carol Paul Tobin

Sheliah Robertson